BARKER *v.* HOBBS.

The party in whose favor a demurrer is decided, can not complain of the decision.

A material averment in an answer, which is not noticed by the reply, is regarded as admitted.

A grantee to whom land has been conveyed with a covenant against incumbrances, who claims to have discharged an incumbrance after the execution of the conveyance, must show that it was a valid and subsisting incumbrance when the deed was executed.

APPEAL from the *Tipton* Court of Common Pleas.

GOOKINS, J.—*Hobbs*, as the assignee of *Brower*, sued *Barker* upon a promissory note.

*Barker* answered that the note was given for the last payment of the consideration-money of certain lots in the town of *Tipton*, which *Brower* conveyed to him with warranty of title and against incumbrances; that *Brower* represented to him that he had separated from his wife, and that she had entered into articles of separation with him, by which she had released all claim to dower in said property, which representations were false; that she had been divorced from *Brower*, by a decree of the *Henry* Circuit Court; that she threatened to enforce her claim of dower against the property, whereupon he purchased in her claim, and took her release, for which he paid her more than was due on this note; and that her claim was worth what he paid for it.

A demurrer to this answer was overruled, and the plaintiff replied, denying the false representations, the divorce, the extinguishment of any outstanding right of dower which was an incumbrance upon the property, &c. Trial by the Court. Finding and judgment for the plaintiff. The defendant appeals.

It is immaterial whether the ruling of the Court of Common Pleas was right or wrong upon the demurrer. The decision was in favor of the appellant, and he can not complain of it.

The record contains the evidence.

*Saturday,
June 9.*

In support of the answer, the defendant gave in evidence the record of a decree of the *Henry* Circuit Court, at the *March* term, 1853, in the case of *Christopher Brower* v. *Mary Brower*, by which they were divorced; also a deed of release from said *Mary* to the defendant of her interest in the property in question, dated *May* 30, 1853, for the consideration of 100 dollars, and a deed to him from *Brower* of the property, dated *September* 28, 1852, for the consideration of 650 dollars. He proved also that Mrs. *Brower* was twenty-seven years of age and in good health. The consideration of the note, as set out in the answer, not having been denied by the reply, must be taken as admitted. There was no proof of any false representations made by *Brower* to the defendant. What he said to others is of no consequence. The defendant's allegation is, that the false representations were made to him.

By this evidence the defendant has failed to show that *Brower's* wife had any interest in the property. The divorce was adjudged under the act of 1843, which provides that whenever a divorce is decreed on account of the misconduct of the husband, the wife shall be entitled to dower in his lands, in like manner as if he were dead. R. S. 1843, p. 604. No part of the proceedings for divorce is before us except the decree, which shows that it was granted at the instance of the husband; from which, if we draw any inference at all, it is, that it was granted for the misconduct of the wife. Admitting that *Barker* had a right to extinguish an incumbrance before being disturbed in his possession, a question we do not decide, if he did so he took upon himself to prove that it was a valid and subsisting claim upon the property. Having failed in this, the judgment of the Court of Common Pleas upon the evidence was right.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*W. Garver* and *J. A. Lewis*, for the appellant.

*D. Moss*, for the appellee.