## ROBINSON v. MURPHY.

EVIDENCE.—*Objection to.*—*Bill of Exceptions.*—An exception to the admission of evidence cannot be made available where it is not shown by a bill of exceptions what the ground of objection was.

SAME.—*Covenant Against Incumbrances.*—*Breach of.*—*Taxes.*—On the trial of an action for breach of the covenant against incumbrances in a warranty deed, to recover an amount which the grantee has been compelled to pay as taxes constituting a prior incumbrance, there must be proper evidence of the list-ing and appraisement of the property, and of the action of the proper au-thorities in fixing the rate of taxation, where it is not fixed by law.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—This was an action by Murphy against Rob-inson for a breach of the covenant against incumbrances in a warranty deed. The alleged breach is, that at and prior to the date of the deed there were legal, valid, and subsisting liens against, and incumbrances upon, the real estate con-veyed by the deed, the same then being subject to taxation, for state, county, township, and road purposes, including ap-propriation by the board of commissioners for the payment of bounties to volunteers for the United States army, and being also legally subject to taxation by the corporation of the city of Kokomo for the year 1865; that there was legally assessed and audited against said real estate for the year 1865, for state, county, road, township, and school purposes, including appropriation by the board of county commission-ers for the payment of bounties to volunteers for the United States army, the sum of fifty dollars; and that there was also legally assessed and audited against said real estate a tax by the corporation of the city of Kokomo for the years 1864, and 1865, eight dollars, which amounts, with the interest, amounted, in March, 1868, to sixty dollars and forty cents; that the defendant had not paid said taxes; that the plain-tiff was compelled to and did pay the same, to save the property from sale. A copy of the deed was made part of the complaint.

There was a demurrer to this complaint, which, we think,

was correctly overruled. This disposes of the first error assigned.

There were several paragraphs of the answer, but as all the matters which were well pleaded in the special paragraphs were admissible under the issue formed by the general denial, there is no question with reference to the answer which we need to consider. This disposes of the second alleged error.

At the trial, the court permitted the plaintiff to prove, by parol, "that at the June term, 1865, of the board of commissioners, there was assessed and levied a tax against Robinson and another on the real estate in question, for the year 1865, for county purposes, and school, road, township, and special school, for said year, and also one dollar and eighty-five cents on the hundred dollars worth of property as a bounty tax for said year 1865; and that at the time of payment of said taxes they amounted to fifty-five dollars and twenty-five cents."

The introduction of this evidence was objected to by Robinson, and we can easily imagine what might have been urged as an objection to it, but the bill of exceptions does not tell us what the objection was. If the objection was that the evidence was secondary, and it had been so stated to the court, the force of the objection might have been acknowledged, and the primary evidence produced. See 2 Davis' Ind. Digest, 485, sec. 108. The exception is not well taken.

The next alleged error is, that the court erred in overruling the motion of the defendant for a new trial. The fourth reason assigned for a new trial was, that the finding of the court was not sustained by sufficient evidence.

We think this position is well taken. There is a lack of evidence to show that the taxes were a valid and subsisting lien on the property, at the time of making the deed. There is no evidence of the listing and appraisement of the property, or, with the exception of the parol evidence above recited, any evidence of the action of the proper authori-

ties in fixing the amount or rate of taxation for county, township, road, and school purposes.

It is urged by the attorney for the appellee that the law gives a lien from the first day of January in each year for all taxes due from the owner, &c.

This is true; but how are we to measure the amount for which the lien is given? When the valuation of the property is shown, and the rate per cent. of the levy, the amount can then be determined. The rate of state tax is fixed by law, but we cannot from anything that is shown fix even the amount of that, for the value of the real estate is not shown.

The judgment is reversed, with costs, and the cause remanded.

*J. W. Robinson*, for appellant.

*C. N. Pollard*, for appellee.