## THE INDIANAPOLIS, PERU, AND CHICAGO RAILROAD COMPANY *v.* WOLF.

RAILROAD.—*Injury to Animal.*—*Fencing.*—*Negligence.*—In an action against a railroad company for an injury to an animal, caused by the collision of a locomotive therewith upon the railroad track, where the animal went upon the track at a place where it might have been fenced by the company, but was not fenced;

*Held*, that the doctrine of contributory negligence could not be applied.

From the St. Joseph Circuit Court.

*A. L. Osborn, A. Anderson,* and *W. H. Calkins,* for appellant.

DOWNEY, J.—This action was by the appellee against the

appellant, to recover the amount of damage done to the plaintiff's horse by being run upon by the locomotive of the defendant, it being alleged that the road was not fenced at the point where the horse went upon the track.

No question is discussed as to the pleadings. There having been a trial by jury, a verdict for the plaintiff, a motion for a new trial overruled, and judgment on the verdict, it is contended that, in refusing a new trial, the court committed an error.

The causes assigned for a new trial were, that the verdict of the jury was contrary to law, and not sustained by sufficient evidence.

Two positions are assumed by counsel for the appellant. The first is, that the evidence does not show that there was any collision of the locomotive with the horse. We think such collision might reasonably have been inferred by the jury from the facts proved.

The second position is, that the plaintiff contributed to the happening of the injury by his own negligence. As the part of the road where the animal went on the track might, for anything that appears, have been fenced by the company, the case is not one to which the doctrine of contributory negligence can be applied. *The Jeffersonville, etc., R. R. Co.* v. *Ross*, 37 Ind. 545, and cases cited.

The judgment is affirmed, with five per cent. damages and costs.

OSBORN, J., was absent.