Hanna, Executor, *v.* Fisher.

Filed May 14, 1884.

---

No. 10,859.

## HANNA, EXECUTOR, *v.* FISHER.

DECEDENTS' ESTATES.—*Claim Against.*—*Promissory Note.*—*Attorney's Fees.*— *Pleading.*—*Demand.*—Where a promissory note stipulating for the payment of attorney's fees is filed against a decedent's estate, the claimant is entitled to introduce evidence of the value of attorney's fees, without any formal demand in such claim for judgment.

SAME.—*Costs.*—*Claim.*—*Verification of.*—Where a claim against a decedent's estate is verified by some one other than the claimant, that fact will not authorize the taxing of costs against the claimant, although the claim does not disclose that the affiant is the agent or attorney of the claimant.

SAME.—*Costs where a Claim is not Verified.*—If a claim against a decedent's estate be not duly verified until after it has been filed, the claimant, under section 2310, R. S. 1881, shall be bound for all costs in the prosecution of the claim.

WARRANTY.—*Breach.*—*Unpaid Taxes.*—*Receipt.*—*Order of Evidence.*—If an action or defence be founded upon an alleged breach of warranty in that a grantee has been forced to pay taxes assessed against the grantor upon the property conveyed, it is a harmless error to exclude the tax receipt, where the grantor declines to introduce other evidence showing that such taxes had been properly assessed by officers having due authority.

From the Montgomery Circuit Court.

*N. P. H. Proctor*, for appellant.

*D. A. Roach*, for appellee.

ELLIOTT, J.—The appellee filed a claim against the estate represented by the appellant; the claim was founded on a promissory note stipulating for attorney's fees. The appellant pleaded as a set-off that the appellee had executed to the testator, Matthias L. Giltner, in his lifetime, a warranty deed; that there was at the time of the execution of the deed a lien for taxes which the covenantee in the deed was compelled to pay.

There was no error in permitting the appellee to give evidence of the value of the attorney's fees stipulated for in the note. The provision in the note which constituted the basis of appellee's claim fully apprised the appellant of the nature of the demand urged against him, and it was his duty, if he had a defence to any part or all of the demand evidenced by the note, to prepare to meet what the claim filed by the appellee showed was demanded. As no formal pleading was necessary in such a case as this, it was not, of course, necessary to add to the claim any formal demand for judgment of any kind.

The court refused to admit in evidence a tax receipt offered by the appellant, and of this ruling complaint is made. Ordinarily, tax receipts may be given in evidence to prove payment of taxes, but the receipts themselves are simply evidence that money was paid to the treasurer; they are not evidence that the taxes were duly assessed. The statute of 1881 does not make the receipt evidence that the tax had been duly assessed, its whole office is to evidence the payment of money to the treasurer. As the receipt has no other force than that stated, no material error is committed in excluding it where it does not appear that the taxes had been assessed.

In the present case the court refused to allow the receipt to be read in evidence, " unless," to quote from the record, "the defendant would agree to introduce other proper evidence that said real estate had been properly assessed and placed upon the tax duplicate, and that the tax specified in

Hanna, Executor, *v.* Fisher.

the receipt had been levied by the proper authorities." The defendant declined to agree to introduce any other evidence, and thereupon the court refused to permit the receipt to be read. It can not be said that the ruling of the court injured the appellant. It would have done him no good to have introduced the receipt without some evidence that the taxes had been assessed. We need not and do not decide what evidence is necessary to entitle a grantee who has paid taxes to recover for breach of warranty, but we do decide that some evidence in addition to that supplied by the receipt is necessary. There must be some evidence that the taxes were assessed, and by persons having some authority to assess them. *Barker* v. *Hobbs*, 6 Ind. 385; *Robinson* v. *Murphy*, 33 Ind. 482. As there was no such evidence offered, and as the appellant refused to agree to offer such evidence, we can not perceive that any harm was done him.

It is not enough for an appellant to show that an error was committed; he must show that it in some way worked him an injury. A harmless error is never cause for reversal.

A party is generally allowed to offer his evidence in the order he chooses, but he can not demand this as a matter of right. Where other evidence is essential to make that offered competent or material, the court may require the party to first introduce the evidence which fixes the competency of that offered. A different rule would often result in occupying time in hearing evidence that the jury have no right to consider, because other evidence essential to make it competent is wanting. A party who refuses to agree to adduce evidence essential to make competent that which he offers has no just reason to complain of a ruling excluding that offered.

The trial court did right in instructing the jury to find for the appellee, for there was no conflict in the evidence, and it was of such a character as gave him a right of recovery.

It is insisted that the court erred in overruling the motion to tax the costs against the appellee. The claim was filed on

the 4th day of October, 1882, and on the 20th day of the following month, transferred to the issue docket, and on the 9th day of February, 1883, the claim was verified. The affidavit was made by Alfred Fisher, but it is not stated that he was the agent or attorney of the claimant, and it is insisted that it is, therefore, insufficient, and that the appellee is bound for all costs. The statute provides that the affidavit shall be filed by the claimant, his agent, or attorney, but it does not provide that the relationship of the affiant shall be stated. The object of the statute is to secure a verification of the claim ; and, when the claim is verified, we do not feel satisfied that the failure to state in the affidavit that the person who made it was the agent or attorney of the claimant should cast upon the latter the burden of the costs in cases like this, where the executor without making any objection to the verification tenders an issue on the claim and after trial demands, for the first time, that costs be taxed against the claimant. But as the case, so far as concerns the matter of costs, must go off on another point we leave the question undecided.

It will be observed that the claim was not verified until some time after it was filed, and the question is presented whether this verification will save costs to the claimant. The provision of the statute is, "Unless such statement, when filed, shall be accompanied by the affidavit of the claimant, his agent or attorney, that the claim, after deducting all credits to which the estate is entitled, is justly due and wholly unpaid, the claimant shall be bound for all costs in the prosecution of the claim." R. S. 1881, section 2310. This language is imperative and is unusually strong. It expresses a command that the claim shall be verified " when filed," and the penalty prescribed for a disobedience of this command is that the claimant shall be " bound for all costs in the prosecution of the claim." There is no room for construction, and there is but one meaning that can be assigned to the language of the statute, and that meaning is, that the claim must be verified " when filed," or " all costs of prosecuting the claim"

must be paid by the claimant. The provision does not, as those of former statutes did, prohibit the claimant from recovering costs, but it declares that he shall pay costs. Nor does it stop short of all costs, for the language is as comprehensive as could well be employed. The decisions made under former statutes can not be accepted as guides under the provision of the present, for the reason that its terms are essentially different.

For the error in overruling the motion to tax costs the judgment must be reversed.

It is accordingly ordered, that the judgment be reversed and the cause remanded with instructions to sustain appellant's motion to tax costs.

Filed May 14, 1884.