Scott *et al.* *v.* Board of Commissioners of Vermillion County.

No. 12,199.

SCOTT ET AL. *v.* BOARD OF COMMISSIONERS OF VERMILLION COUNTY.

PRACTICE.—*Appeal.—Record.—Motion to Strike Out Pleadings in Trial Court.*—Where a motion to strike out part of a paragraph of complaint is sustained, such motion must be made a part of the record by bill of exceptions or order of court, in order to be available in the Supreme Court on appeal.

GRAVEL ROADS.—*Bond for Preliminary Expenses.*—A board of county commissioners have no authority or power to act, or take any steps whatever, in a proceeding for the establishment and construction of a free gravel road, under the provisions of the statute (R. S. 1881, sections 5091, 5092), until a bond for the expenses of the preliminary survey shall be filed. The purpose of the statute is to relieve the county, ultimately, from the payment of the expenses incident to the proceedings, in the event that the improvement prayed for is not finally ordered by the board.

SAME.—*Revocation of Order Establishing Road.—Estoppel.*—While proceedings are still pending before the board, it has authority, for good cause, to revoke an order establishing the road; and if this is done at the instance of the signers of the bond, they are estopped from denying the legality of the revocation, in a suit on the bond against them. The revocation of the order is, in effect, the same as if no such order had ever been made, and renders the signers of the bond liable on the bond for the expenses they thereby obligated themselves to pay. It is not necessary that all the petitioners unite in a request for a revocation. If any of them are aggrieved by the revocation, they have a right to appeal therefrom. Others, who did request the revocation, can not complain in their behalf, and are estopped from complaining for themselves afterwards.

From the Vermillion Circuit Court.

*J. Jump* and *C. W. Ward,* for appellants.

*M. G. Rhoads,* for appellee.

COLERICK, C.—This action was brought by the appellee upon a bond executed by the appellants. The complaint consisted of two paragraphs, which were substantially alike. In each it was averred, in substance, that on the 22d day of July, 1880, the appellants and others presented to the board of commissioners of Vermillion county, a petition for the establishment and construction of a free gravel road, in said

county, and filed with said petition the bond upon which this action was founded, a copy of which was made a part of each paragraph of the complaint. The condition of the bond was that the appellants would pay to said county of Vermillion the expenses of the preliminary survey of the proposed road, if its construction was not finally ordered by said board. It was then averred that said board accepted the bond, and took jurisdiction of the matter, and ordered said preliminary survey to be made, as prayed for, and that it was afterwards made and reported to the board, who thereupon entered upon its record an order that the improvement be made, and appointed a committee to apportion the expenses of the improvement upon the lands benefited thereby, and that said committee afterwards made said apportionment and reported the same to the board, but before any action was taken thereon, the board, at the written request of the petitioners for the road, and all of the appellants, revoked and set aside its order for the making of the improvement and the proceedings thereunder, and made no order thereafter for the improvement, and that the expenses of said proceeding, including said preliminary survey and report thereof, amounted to $231.85. It was also averred that all of the proceedings of the board and all the steps taken by the petitioners in the matter, including the petition, bond and all jurisdictional facts giving said board authority to act, were regular and proper, both in form and substance. Wherefore the appellee prayed judgment on said bond for $250, being the amount of said expenses, etc.

The only apparent difference, in substance, between the two paragraphs of the complaint is, that in one paragraph it was averred that the board set aside its order and proceedings for the improvement at the instance of *the* petitioners and the appellants, while in the other it was alleged that it was done at the request of "*most* of said petitioners" and the appellants; and in one paragraph the aggregate amount only of all the expenses incurred in the proceedings was mentioned, while in the other the expenses to the time the board ordered

the improvement to be made, and the expenses thereafter created, were separately stated.

A motion by the appellants to strike out a part of the second paragraph of the complaint was sustained by the court. The clerk has copied into the transcript what purports to be the motion so made by the appellants, but as it was not embodied, with the ruling of the court thereon, in a bill of exceptions, nor made a part of the record by an order of court, it constitutes no part of the record in this cause, and is improperly in the transcript, and for that reason can not be examined or considered by us for the purpose of ascertaining what part of the pleading was stricken out by the court. See *Berlin* v. *Oglesbee,* 65 Ind. 308 ; *Dunn* v. *Tousey,* 80 Ind. 288 ; *Klingensmith* v. *Faulkner,* 84 Ind. 331 ; *Peck* v. *Board, etc.,* 87 Ind. 221 ; *Saunders* v. *Heaton,* 12 Ind. 20.

As there is nothing legally before us showing what part of the pleading was stricken out, we must consider it with reference to its sufficiency, as we find it in the record, the same as if no such motion was made. A separate demurrer to each paragraph of the complaint was overruled, and the appellants refusing to answer over, final judgment on demurrer was rendered against them, in favor of the appellee, for $164, from which they appeal, and assign as errors the rulings of the court upon said demurrers.

The liability of the appellants, if any existed against them, on the bond, which is the foundation of the action, was created and is to be determined by the provisions of the statute under and by virtue of which the bond was executed. The statute, Acts 1877, p. 82, provides:

" SECTION 1. The board of commissioners of any county in this State shall have power, as hereinafter provided, to lay out, construct or improve, by straightening, grading, or draining in any direction required to reach the most convenient and sufficient outlet, paving, gravelling, or macadamizing any State or county road, or any part of such road, within the limits of their respective counties.

" SEC. 2. Upon the presentation of a petition stating the kind of improvement prayed for, and the points between which the same is asked, signed by five or more of the landholders whose lands will be assessed for the cost of the improvement, and the filing of a bond, signed by one or more responsible freeholders, to whom the petitioners shall be responsible *pro rata*, conditioned for the payment of the expenses of the preliminary survey and report, if the proposed improvement shall not finally be ordered, the board of commissioners shall appoint three disinterested freeholders of the county as viewers, and a competent surveyor or engineer to proceed, upon a day to be named by the commissioners, to examine, view, lay out or straighten said road, as in their opinion public convenience and utility require," etc. The above sections also appear in the Revised Statutes of 1881, as sections 5091 and 5092.

A board of commissioners have no authority or power to act or take any steps whatever in a proceeding for the establishment and construction of a free gravel road, under the provisions of the statute above set forth, until a bond, as therein required, is first executed and filed. The obvious purpose of the statute in requiring such a bond to be given is to relieve the county, ultimately, from the payment of the expenses incident to the proceeding, in the event that the improvement prayed for is not finally ordered by the board to be made.

The only objection urged by the appellants in this court to the sufficiency of the complaint is that it affirmatively shows that no cause of action existed against them upon the bond which they so executed, as it appears by the averments in each paragraph of the complaint that the board of commissioners directed, by its order, the improvement to be made. It is insisted by the appellants that the order so made resulted in satisfying the condition of the bond and discharging its makers from any liability thereon, and that the sub-

sequent action of the board in revoking or setting aside said order was without authority of law, and, therefore, void. If the proceeding in which the order was made was not pending before the board at the time of the revocation of the order, but had been finally determined before that time, then no power would have existed in the board to review or revoke said order, and its action in attempting to revoke it would have been void. But it clearly appears by the averments in each paragraph of the complaint, that the proceeding was regularly and legally pending before the board at the time the order was revoked, and that its revocation was at the instance and request of the appellants. Under such circumstances, we think, the appellants should be and are precluded and estopped from assailing the legality of the action of the board in revoking said order, or questioning the power which they invoked the board to exercise. If the board of its own volition, and without sufficient cause, had revoked the order, a different question from the one decided would have been presented for our consideration. The revocation of the order was, in effect, the same as if no such order had ever been made, and rendered the appellants liable on their bond for the expenses which they obligated themselves, by the bond, to pay.

It is further insisted by the appellants that unless all of the petitioners united in the request for the revocation of the order, the board had no power to revoke it. The petitioners and all other persons interested in the proceeding were before the board, and if any of them felt aggrieved at the decision of the board, they had the right to appeal therefrom to the proper court. If any error was committed by the board in revoking the order, it was committed at the instance of the appellants and in their favor, and, therefore, they can not complain of such error. See *Barker* v. *Hobbs*, 6 Ind. 385; *Robertson* v. *Caldwell*, 9 Ind. 514; *Minot* v. *Mitchell*, 30 Ind. 228; Buskirk Pr. 119.

The demurrers were properly overruled, and the judgment of the court below should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed March 18, 1885.