No. 13,159.

## KIRKPATRICK v. PEARCE.

FREE GRAVEL ROAD.—*Lien of Assessment.*— *When it Attaches.*—Under sections 5095–5097, R. S. 1881, the lien of an assessment for the construction of a free gravel road attaches as of the day of the final order of the county board confirming the report of the committee appointed to apportion the expenses of construction, and it is unaffected, except as to the amount, by any reductions or additions made by the county auditor under section 5096.

REAL ESTATE.—*Conveyance.*—*Encumbrance.*—*Free Gravel Road Assessment.*— *Breach of Covenant.*—*Burden of Proof.*—A grantee, to whom land has been conveyed with a covenant against encumbrances, who claims to have paid a gravel road assessment and seeks to recover the amount from the grantor, must show that such assessment was a valid and subsisting encumbrance when the deed was executed.

SAME.—*Evidence.*—*Gravel Road Duplicate.*—In such case, the gravel road duplicate is not sufficient evidence of the fact that an assessment was a valid and subsisting lien at the time of the conveyance; but it must be made to appear, at least, that there was a proceeding resulting in the assessment. Section 6493, R. S. 1881, does not cover a case of this kind.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig,* for appellant.

*A. N. Grant* and *B. C. H. Moon,* for appellee.

ZOLLARS, J.—Section 5095, R. S. 1881, provides that when any of the lands to be assessed as benefited by the construction of a free gravel road, are subject to a life-estate, the assessment made thereon shall be apportioned between the owner of the life-estate and the owner of the fee, in proportion to the relative value of their respective estates, such proportion to be ascertained upon the principle applicable to life-annuities. Section 5096 provides for the apportionment of the expenses of constructing the road, upon the lands benefited, by three freeholders, and for the confirmation of their report by the board of county commissioners. The latter part of the section is as follows:

"The final action of the commissioners shall be entered upon their records, together with the report as confirmed, showing how the said estimated expense has been apportioned:

upon the land ordered to be assessed as aforesaid. The county auditor, before placing the said assessment upon the duplicate, shall reduce or add to the same, *pro rata,* the amount the actual expense shall be found to be, more or less than the said estimate. The said assessment upon lands, under the provisions of this act, shall be placed upon a special duplicate, to be provided by the county auditor at the expense of the county for that purpose ; and such assessment shall constitute and be considered a first lien on the real estate assessed, in the same manner as other taxes are," etc.

Section 5097 authorizes the issue and sale of county bonds maturing at annual intervals of two years, and not beyond eight years, with interest payable semi-annually. It further provides as follows : " Said assessment shall be divided in such manner as to meet the payment of principal and interest of said bonds, and so be placed upon the duplicate for taxation against the lands assessed, and collected in the same manner as other taxes ; and when collected, the money arising therefrom shall be applied to no other purpose than the payment of said bonds and interest."

The case before us involves the question as to when the assessments become liens upon the lands assessed. Do they become liens at the time the final order is made by the county board confirming the report by the committee, or when the assessments are entered upon the special duplicate by the county auditor, or do the liens relate back and attach as of the 1st of April, as ordinary general taxes ?

A general tax, levied for governmental purposes, relates back, and binds the real estate from the 1st of April, by force of a statutory provision. Section 6446, R. S. 1881 ; *Overstreet* v. *Dobson,* 28 Ind. 256 ; Cooley Taxation (1st ed.), p. 306 ; 2 Wait Action and Def. 377.

Such taxes are levied each year, and hence persons who sell lands upon or after the 1st day of April, with covenants of warranty, are bound to know that they will be bound for the taxes of the current year. Assessments for free gravel

roads are the result of special proceedings which can not be certainly anticipated, and hence it would be unreasonable to hold that the vendor of real estate should be liable for such assessments imposed after the sale.

These assessments are to constitute and be considered first liens upon the real estate assessed, in the same manner as other taxes are. The word "manner," in the connection in which it is used, should be interpreted "extent." Properly construed, the section makes such assessments liens upon the real estate assessed to the same extent as other taxes are.

Such special assessments are sustained upon the ground that while the few are made to bear the cost of a public work, their property is increased in value by the expenditure, to an amount equal to the sum they are required to pay, and hence the person who owns the land when it is assessed, is supposed to receive a benefit by its increased value, equal to the amount of the assessment imposed. Cooley Taxation (1st ed.), p. 417; *Lipes* v. *Hand*, 104 Ind. 503. It is upon this theory that the assessments are to be apportioned between the owner of the life-estate and the owner of the fee.

Under the above sections of the statute, the whole of the assessment goes upon the special duplicate at the same time; but for the purpose of lightening the burden, and at the same time meeting the payment of the principal and interest of the bonds as they become due, it is divided up so that a certain portion is to be collected each year. The whole of it, however, is a present lien upon the land just the same as though it were all to be collected at the same time.

We think, too, that the lien of the assessments attaches as of the day of the final order of the county board confirming the report of the committee, which is in the nature of a final judgment. *Stoddard* v. *Johnson*, 75 Ind. 20.

The action of the auditor in placing the assessments upon the duplicate, is ministerial. If the lien did not attach until that duty should be performed by the auditor, he would have it in his power to postpone the lien by neglecting to place

the assessments upon the duplicate. He is to deduct from or add to the assessments an amount that will make them equal to the cost of the work.

It is not to be supposed that the amounts to be thus added or deducted will be very large, as it is the duty of the committee to make the assessments to meet the estimated expenses. If he deducts any amount from the assessments, of course, the lien is reduced that much. If he adds an amount, by force of the statute, the amount so added becomes a lien as a part of the assessment.

By a deed containing a covenant of warranty against encumbrances, appellant conveyed to appellee certain lands on the 20th day of February, 1882. Appellee brought this action, alleging in his complaint a breach of that covenant, in that, at the time of the conveyance, there was a free gravel road assessment against the land, which was a lien upon it, and which he has since paid. As shown by the record, the following is the whole of the evidence introduced by appellee to sustain his allegation in relation to the assessment and lien upon the land, viz. :

"I, Henry L. Moreland, county auditor within and for said Howard county, do hereby certify that the within and foregoing is the Albright Free Gravel Road duplicate for the year 1881; that the same contains a list of the assessments made for the construction of said gravel road; that the taxes for the year 1881, is the one-fourth of the assessment of benefits, and that said amount of one-fourth is divided into two instalments on April and November ; that the benefits as shown upon this duplicate include twenty per cent. of the original assessment that was added by me as auditor of Howard county, for the purpose of providing money to pay four years' interest on the bonds issued for the purpose of raising money to construct said gravel road ; that said taxes for the year 1881 were placed upon this duplicate for collection in pursuance of an order of the board of commissioners of

Howard county, Indiana. Witness my hand and seal this: 28th day of November, 1881.

"HENRY L. MORELAND,   [SEAL].
"Auditor of Howard County."

Mr. Grant: "I will now read from the duplicate simply what appears in the name of Kirkpatrick." Same read in evidence to the court from the tax duplicate, and is in the words and figures, to wit:

Mr. Grant (reading): "On page 64 appears the name of John M. Kirkpatrick, opposite which the following described lands, being the same described in the deed; * * * amount assessed upon the described real estate opposite Kirkpatrick's name is $360; the tax is $360, and the taxes and benefits are the same."

Appellant objected to this evidence, because appellee did not accompany it with, and would not consent to accompany it with proof of the proceedings for the establishment of the free gravel road, under which the assessment was made, to show that it was regular, authorized by law, and valid.

These objections were overruled, and the evidence admitted. Appellant now contends that the court below erred in. overruling his objections and admitting the evidence, and that the evidence is not sufficient to sustain the finding and judgment against him.

The burden was upon appellee to make good, by competent proof, his averment that at the time the conveyance was made to him, there was a free gravel road assessment against the land which was a lien upon it. Abbott Trial Ev., p. 520, section 36; Rawle Cov. for Title, pp. 114, 194; Bailey Onus Prob. p. 65; Orance v. Collenbaugh, 47 Ind. 250; Walton v. Cox, 67 Ind. 164.

In the case of Barker v. Hobbs, 6 Ind. 385, it was held, as correctly stated in the syllabus, that "A grantee to whom land has been conveyed with a covenant against incumbrances, who claims to have discharged an incumbrance after the execution of the conveyance, must show that it was a valid

and subsisting encumbrance when the deed was executed."

The case of *Robinson* v. *Murphy*, 33 Ind. 482, like this, was an action for a breach of a covenant against encumbrances, and the alleged breach was, that at the time of the execution of the deed, there were taxes against the real estate, which the grantee was compelled to pay. It was held that the burden was upon the grantee and plaintiff to show by proper evidence the listing and appraisement of the property, and the action of the proper authorities in fixing the rate of taxation; and, in short, that the taxes were a valid and subsisting lien on the property at the time of making the deed. To substantially the same effect see the case of *Cook* v. *Fuson*, 66 Ind. 521.

Appellee, however, relies upon section 6493, R. S. 1881, as establishing a different rule. That section is one of the sections of article 26 of the tax law in relation to the collection of delinquent taxes by suit instituted by the prosecuting attorney. It is as follows: " In such suits and in all other suits, and for any purpose of evidence or authentication, the records made by the county auditors respecting delinquent lands, the manner of advertisement of sales thereof, the sales made of the same, the conveyances thereof executed, and all copies of such records, or of any other papers required by this act to be made out, duly certified to be such by the proper county auditor under his seal of office, shall be received as *prima facie* evidence of the facts contained therein."

Whatever may be the correct interpretation of the above section of the statute, as applied to cases where the alleged encumbrance is an ordinary tax, in our judgment, it is not broad enough to cover the case before us. It will be observed that the records, made *prima facie* evidence by the section, are the records made by the auditor respecting delinquent lands and the sale thereof.

The duplicate introduced in evidence in this case is not a delinquent list, nor is it a duplicate of ordinary taxes. It is a special duplicate provided for free gravel road assessments,

Kirkpatrick v. Pearce.

and does not come within the letter or spirit of the above section of the statute. *Brosemer* v. *Kelsey*, 106 Ind. 504. These gravel road assessments are not taxes in the ordinary and full sense of that term. *Palmer* v. *Stumph*, 29 Ind. 329. They are to be collected as other taxes are collected, and for that purpose are to be treated as taxes. *Brosemer* v. *Kelsey, supra; Bothwell* v. *Millikan,* 104 Ind. 162. But in order that they may be thus collected, they must have been legally assessed. It should be made to appear, at least, that there was a proceeding resulting in the assessment; that the jurisdiction of the county board over the subject was invoked by a petition, and that the county board, by a final order, confirmed the assessment made by the committee.

The portion of the gravel road duplicate introduced in evidence in this case, of itself and alone, did not establish, or tend to establish these facts, and of itself and alone was not competent evidence. It results that the court below erred in overruling appellant's motion for a new trial, and that the judgment, for that reason, must be reversed.

It should be observed in passing, that the rule as laid down in the cases of *Robinson* v. *Murphy, supra,* and *Barker* v. *Hobbs, supra,* would not be enforced to its full extent in cases where the alleged encumbrance is an ordinary tax, for the reason that the tax laws now in force have, to some extent, thrown upon the land-owner the burden of showing that taxes assessed against his lands have not been properly assessed.

Judgment reversed, at appellee's cost, and cause remanded, with instruction to the court below to sustain appellant's motion for a new trial.

Filed Sept. 25, 1886.