THOMPSON ET AL. *v.* THE BOARD OF COMMISSIONERS
OF JASPER COUNTY ET AL.

[No. 17,690.    Filed Dec. 2, 1896.    Rehearing denied May 25, 1897.]

DRAINS.—*Report of Reviewers.—Dismissal of Petition.—Costs.—Stat-ute Construed.*—Section 5694, Burns' R. S. 1894, of the drainage law, providing for a hearing of the second report of the viewers by the board of county commissioners, authorizes such board to hear and determine the report of the apportionment according to the evidence, and if the evidence shows that the costs exceed the benefits they are not bound to confirm the report, but are required to dismiss the petition and proceedings at the cost of the petitioners.  *p. 141.*

SAME.—*Appeal.— Statute Construed.*— In an appeal to the circuit court, under section 5695, Burns' R. S. 1894, from the action of the board of county commissioners in dismissing a drainage petition only matters specified in said section can be assigned as error.  *pp. 141–144.*

From the Jasper Circuit Court. *Affirmed.*

*S. P. Thompson, M. F. Chilcote, McConnell & Jenkins, Nelson & Meyers, W. B. Austin,* and *Foltz, Spitler & Kurrie,* for appellants.

*Stuart Bros. & Hammond, E. B. Sellers W. E. Uhl* and *R. W. Marshall,* for appellees.

McCabe, J.—This is an appeal to this court from the judgment of the Jasper Circuit Court dismissing an appeal from a decision of the board of commissioners of Jasper county made March 23, 1895, dismissing certain proceedings therein pending for the construction of a public ditch.

Those proceedings were commenced by petition of the appellants on October 7, 1892, under the act approved March 7, 1891, sections 5690-5717, Burns' R. S. 1894. In addition to the appeal by the present appellants (being a part of the petitioners for the ditch), certain remonstrators and exceptors to apportionments of benefits and costs of construction also appealed from the action of the board on their exceptions.

The circuit court at first overruled motions to dismiss both appeals, but afterwards set aside its action in overruling such motions to dismiss appeals and permitted an amended motion by the appellees here to dismiss the petitioner's appeal, and sustained that motion, and the exceptors and remonstrators dismissed their appeal from the board to the circuit court by the consent of said court.

The errors assigned here call in question the action of the circuit court in rescinding its first order as to dismissal of appeals, in sustaining the motion to dismiss the appeal of the petitioners from the board to the circuit court, in overruling appellant's motion to modify the judgment of dismissal so as to relieve petitioners of the costs, and holding that there was no right of appeal from the board to the circuit court.

The act under which these proceedings took place is very peculiar. The ditch must be not less than five miles in length. The application or petition must be to the board of commissioners of the county, signed by at least ten owners of lots or lands drained or bene-

fited thereby. They must give bond conditioned for the payment of all costs "if the prayer of the petitioners be not granted or be dismissed for any cause by the board of commissioners." Sections 5690, 5691, *supra.* At the next regular or special session of the board after the filing of such petition the board is required to appoint three viewers, one of whom must be a competent surveyor or engineer, who are required to proceed to view the line of the proposed improvement, and report whether such improvement is necessary or conducive to public health, convenience, or welfare, and report the best route, and their finding, in writing, to the board of commissioners at a time to be fixed by them, when they shall order the auditor to enter the same upon the record. If the board find against the improvement they are required to dismiss the petition and proceedings at the costs of the petitioners. If they find in favor of making the improvement, they are required to direct said viewers, with the surveyor or engineer, to go upon the line of the route, and among other things, to make and return a schedule of all lots, lands, and public or corporate roads that will be benefited or damaged by the improvement, and apportion costs in proportion to benefits or damages which will result to each lot or parcel of land. Upon the filing of this report the auditor is required to issue notice to the landowners affected by the improvement.

If the board find that the notices have been served on the landowners affected, they are required to "examine the report of the viewers and appointment [apportionment] by them made, and if it is fair and just according to benefits, they shall approve and confirm the same. If, however, the board of commissioners find that the apportionment reported by the viewers is unfair and unjust, and ought not to be confirmed,

they shall so order and amend it upon the evidence, so as to make it fair and just in proportion to benefits,— and if necessary, in their opinion, they may adjourn the further hearing, not exceeding twenty days, to a day to be fixed by them, and go upon the premises and by actual view apportion the benefits, damages, cost of location and construction, or any part thereof, as to them may seem just and proper under the evidence, and on the day so fixed by them they shall again meet at the auditor's office, or usual place of meeting, and determine the said apportionment and spread the same on the record." Section 5694, *supra.*

The 18th section of the act provides that: "No assessments shall be made of benefits to any lands upon any principle other than that of such benefits derived." Section 5707, Burns' R. S. 1894. It is thus made clear that assessments against lands for the cost of such improvement under said act cannot exceed benefits.

The record shows that the board, on the preliminary or first report of the viewers, and before notice could be or was given to the landowners affected, found in favor of making the improvement. It also shows that on the coming in of the second report of the viewers making the assessment of benefits and apportioning costs of construction to the various lands affected, and after service of notice on the owners of lands affected, there was a hearing on the same, as required by the section above quoted, and also a hearing of exceptions to apportionments by some of the landowners affected, as required by the next section, at the same time, had resulted in overruling all of such exceptions.

Thereupon the board made the following order: "The board, after hearing further evidence upon the benefits and damages, finds that the estimated cost of

construction will exceed the benefits, and the board orders that the proceedings and petition be dismissed at the costs of the petitioners," etc.

From this order the appeal to the circuit court was prosecuted. It is contended by the learned counsel for appellants that the order of the board dismissing the petition and proceedings was void, because, as it is claimed, the board had already found on the incoming of the first or preliminary report of the viewers in favor of making the improvement, and that their subsequent order amounted to a revocation of their first order and all other previous orders, and cite to the point that the board had no power to so revoke previous orders. *Doctor* v. *Hartman*, 74 Ind. 221; *Weir* v. *State*, 96 Ind. 311; *Board, etc.,* v. *Logansport, etc., Gravel Road Co.*, 88 Ind. 199. That is a correct statement of the law where the proceedings containing the order or act attempted to be revoked have ended before the attempted revocation was made. But it has been held by this court that previous orders of the board may be revoked by them or set aside while the proceedings in which it occurs is still pending and undetermined. *Scott* v. *Board, etc.*, 101 Ind. 42. But it is not clear from this statute that the board was authorized even to make a finding in favor of making the improvement on the preliminary report of the viewers and before the adverse parties could be served with notice or get into court. Indeed, one of the grounds on which appellees insist that the action of the board in dismissing the petition and proceedings are justified is that the whole act is so vague and meager in its provisions that it is inoperative.

It is insisted with some show of reason that the act nowhere provides for making a final order establishing or directing that the improvement be made. It makes no provision for anyone to oversee or super-

intend the construction of the work. No one is authorized to determine whether the work is done according to contract, or to accept the same. Though money to construct the work is to be raised by the sale of bonds by the county treasurer, no authority is granted or manner provided for paying out the money.

We shall not find it necessary to decide, and we do not decide, what effect these omissions have on the operation of the act.

One thing is certain, and that is that the 5th section of the act authorizes a hearing on the second report of the viewers, and if they find that the apportionment reported by the viewers is unfair and unjust and ought not to be confirmed, they are required so to order; and they are required to amend it upon the evidence, so as to make it fair and just according to benefits, and determine the said apportionment and spread the same on record.

This authorizes them to hear and determine the report of the apportionment according to the evidence. If that evidence shows, as the board said by their decision, that the costs exceeded the benefits, they were not bound to confirm the apportionment. On the contrary, they were required to dismiss the petition and proceedings at the petitioners' costs, as they did. The appellants do not claim that the determination of the question by the board was contrary to or not justified by the evidence, and by their appeal do not seek to correct any error of fact by a trial of the case *de novo*, but simply affirm that the board erred in deciding the question of excess of costs over benefits at that time.

But even if the board erred in dismissing the proceedings and petition, the circuit court was justified in dismissing the appeal to it from said order.

The 6th section of the act, among other things, pro-

vides that "Any person or corporation aggrieved by the decision may appeal from the order of the board of commissioners, and on such appeal may determine either of the following matters: First. Whether said ditch will be conducive to public health, convenience, or welfare. Second. Whether the route is practicable. Third. Whether the compensation has been allowed for property appropriated. Fourth. Whether proper damages have been allowed for property affected by the improvement. The appellant shall pray an appeal and file a motion, in writing, specifying therein the matters appealed from, which motion shall be filed and recorded."

The appeal was attempted to be taken under these provisions of the act. Accordingly, the petitioners, appellants, prayed an appeal from the board to the circuit court from the order in question, and filed their motion therefor in writing, specifying the matters appealed from. Said motion, after stating the history of the case up to that point, specified the matters appealed from as follows: "Whereupon the petitioners appeal and assign for error: (1) That the board, after directing the improvement to be made, erred in taking up for decision the question as to whether the ditch was of public utility touching the relation of the total benefits to the total cost; (2) the board erred in taking up of its own motion, on May 10, 1894, the questions as to the practicability of any portion or the whole route; (3) the board erred in deciding to dismiss the petition and proceeding without an issue thereon, and after a large amount of costs had acrued, since the same question came up before the board on April 12, 1893, and was by the board decided the other way; (4) the board's judgment for costs was without jurisdiction and is appealed from on these grounds."

It will be seen that none of these specifications hint

at any one of the matters authorized by the statute to be determined on appeal, unless it be the second, and that simply charges the commissioners with erring in taking up on its own motion, on May 10, 1894, the questions as to the practicability of any portion or the whole route. That is far from a specification to try the question "whether the route is practicable," as authorized by the statute. But the record shows that the board did not decide the practicability of the route against the petitioners, the appellants, but in their favor; and it further shows that the only question the board decided against the petitioners was whether the costs of construction of the work would exceed the benefits therefrom derived to the lands affected, and whether, under such circumstances, the proceedings and petition ought to be dismissed at the petitioners' costs. These decisions are the only ones complained of as affording ground for an appeal from the board to the circuit court on behalf of the petitioners, appellants, in their brief in this court. It will be readily seen from the statute quoted that no such matters or questions are authorized by the act to be tried on appeal.

It was said by this court in *Denton* v. *Thompson*, 136 Ind. 446, of similar provisions in the ditch law of 1881, that only the questions therein specified could be tried on appeal under that law.

This rule is analogous to that prevailing in highway cases. In such cases it has been held that if the report of the first viewers is against the public utility of the road, that their decision of that question is made final by the statute. *McKee* v. *Gould*, 108 Ind. 107. And so, too, it has been held that the report of reviewers, on remonstrance that the proposed highway is not of public utility, cannot be appealed from for the same reason. *Jones* v. *Duffy*, 119 Ind. 440.

And so the statute here involved, providing as it does for an appeal, naming certain matters which may be determined on such appeal, and requiring the appeal to be taken by written motion, specifying therein the matters appealed from, clearly indicates that it was the purpose and intent of the act to make the action of the board final on all matters or questions not embraced in the specifications of the statute above quoted. The decision that the estimated cost of the contemplated improvement exceeds the benefits resulting to the lands, and the dismissal of the petition and proceedings at the cost of the petitioners in consequence thereof, are not embraced in the specifications of the statute in matters that might be determined on such appeal, and hence the action of the board thereon was final and could not be appealed from.

The act of awarding the costs against the petitioners on the dismissal of the petition and proceedings by the board does not serve to bring the appeal within the matters specified in the statute, even if the board erred in taxing the costs against the petitioners. But there was no error in so taxing the costs against the petitioners by the board on the dismissal of the petition and proceedings, because the statute expressly requires that such dismissal should be at the costs of the petitioners.

The only thing the circuit court could correctly do was to dismiss the appeal. The fact that it at one time erroneously overruled the motion to dismiss such appeal did not irrevocably commit the court to such error. It had a right to rectify the error at any time before the final determination of the proceedings, which it did.

The judgment is affirmed.