## STUDABAKER *v.* BOARD OF COMMISSIONERS OF WELLS COUNTY ET AL.

[No. 20,149.   Filed December 18, 1903.]

APPEAL.—*From County Commissioners.—Proceedings for a Drain.—Dismissal.*—An order of the board of county commissioners overruling exceptions to, and approving the report of, the engineer in a proceeding to establish a drain, under the act of March 7, 1891 (Acts 1891, p. 455), is not a final judgment from which an appeal will lie to the circuit court.

From Wells Circuit Court; *J. W. Adair*, Special Judge.

Proceedings by James B. Gavin and others for the establishment of a public drain. From an order of the board of county commissioners overruling exceptions of Delia M. Studabaker to the report of the engineer she appeals. *Affirmed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.
*W. H. Eichhorn, J. S. Dailey, Abram Simmons* and *F. C. Dailey,* for appellees.

Dowling, J.—An application for the construction of a public ditch in Wells county, under the act of March 7, 1891 (Acts 1891, p. 455, §5690 *et seq.* Burns 1901), was filed with the board of commissioners of that county in

1892. All necessary steps were taken in the proceedings, and a ditch was excavated on the route proposed.

August 6, 1901, the appellant, whose lands were subject to assessment for the construction of the said ditch, filed her petition with the board, charging that the improvement was not made in conformity to the plans and specifications adopted, and that it had not been completed, approved, or accepted by the board. She asked that an order requiring a report of the condition of the ditch to be made by the superintending engineer be set aside; that said engineer be removed, and another appointed in his stead; that such new engineer be required to examine the said work, and report its condition, and whether it had been completed according to the said specifications; that a commissioner be appointed to complete the said ditch, and that he be ordered to let the contract for such work. The board thereupon entered an order directing the superintending engineer to report the condition of the said improvement, and whether the same had been completed according to the plans and specifications. September 3, 1901, the engineer filed his report, showing that the main ditch, with its laterals, from 0 to stake No. 448, had been inspected and accepted by a former engineer and superintendent; that the original specifications were amended by the board from stake No. 448 to stake No. 501, and that this part of the ditch had been completed according to the amended specifications, inspected, and accepted by said former engineer; and that from stake No. 501 to its terminus the ditch had been completed according to the original specifications. The appellant filed exceptions to this report, most of which were in denial of its statements. After hearing the evidence, the board overruled the exceptions and made the following order: "And the board upon examination and consideration of the foregoing report, and the exceptions filed thereto, and after hearing the testimony of witnesses, and being fully advised in the premises, order that the

exceptions filed to the report of John H. Trostel, engineer, be, and the same are hereby, overruled, and the said report of John H. Trostel, engineer, is hereby accepted and approved." From this order an appeal was taken by Mrs. Studabaker to the Wells Circuit Court; the board, Trostel, the engineer making the report, and William A. Kunkle, the former engineer, being named as the defendants in the proceeding. On motion of the defendants, the appeal was dismissed by the Wells Circuit Court.

Assuming, without deciding, that the appellees, or some one or more of them, were proper parties defendant in the appeal to the circuit court, the action of that court in dismissing the appeal was right. The order appealed from was in no respect a final order or judgment from which an appeal could be taken under the act in question. We find nothing in the statutes authorizing an appeal from an order of this kind, and none has been pointed out by counsel for the appellant. *Stale, ex rel.,* v. *Brown,* 44 Ind. 329; *Thiebaud* v. *Defour,* 57 Ind. 598; *Thompson* v. *Board, etc.,* 148 Ind. 136; Ewbank's Manual, §82; Black, Judgments, §115.

We find no error. Judgment affirmed.