## RIFE ET AL. v. DIAMOND FLINT GLASS COMPANY.

[No. 6,218. Filed October 9, 1908.]

1. JUDGMENT.—*Issues.*—*Estoppel.*—A judgment conclusively estops the parties from afterwards litigating issues raised, or which might have been raised, in such proceeding. p. 349.

2. SAME.—*Final.*—A final judgment is one that disposes of all of the issues in the case as to all of the parties thereto. p. 349.

3. COVENANTS. — *Deeds.* — *Breach.* — *Vendors' Liens.*—*Evidence.*— *Judgment.*—In an action for damages for breach of covenant, evidence that defendants executed to the plaintiff a warranty deed for certain land upon which there existed an alleged vendor's lien in favor of a remote grantor, that such remote grantor had sued plaintiff for the foreclosure thereof, that plaintiff notified defendants thereof, who were made parties thereto, that plaintiff, over defendants' objections, refused to plead further upon the court's sustaining a demurrer to its answer, and a decree was

entered against it which, it was compelled to pay, and that the cause was continued as to defendants, is not sufficient to sustain a decision for the plaintiff.   p. 349.

4.  COVENANTS. — *Breach.* —*Incumbrances.*—*Deeds.*—*Evidence.*—To constitute a breach of covenant, the grantee must show that a valid and subsisting incumbrance existed upon the land at the date of the execution of the deed; and evidence of a decree against the grantee, to which the grantor was not a party is not sufficient to show such breach.   p. 350.

From Blackford Circuit Court; *William H. Eichhorn,* Special Judge.

Action by the Diamond Flint Glass Company against Charles H. Rife and others.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*W. H. Honey, Enos Cole* and *L. B. Simmons,* for appellants.

*Chambers, Pickens, Moores & Davidson, Owen Pickens* and *Jay A. Hindman,* for appellee.

HADLEY, J.—This was an action by appellee against appellant to recover damages for a breach of the covenants in a warranty deed executed by appellants to appellee, conveying to appellee a certain tract of land in Blackford county.   The complaint averred, among other things, that Byron M. Boyd had recovered a decree against appellee foreclosing a vendor's lien on the land in question; that to protect its title, appellee paid said decree and by said suit sought to recover the amount so paid.   Appellants answered in general denial and by affirmative matter, among other things averring that while they were parties to the Boyd suit the decree was entered only against appellee upon its abandonment of the defense, and as to appellants the cause was continued for further adjudication; that said cause is still pending as to them, and then averring, as a defense, facts that, if true, show that the Boyd claim was not a lien upon this particular tract.   Trial was had, special findings made by the court, and judgment rendered in favor of appellee,

The only question properly presented is on the ruling on the motion for a new trial and on the specification therein that the evidence is insufficient to sustain the decision. On the trial of the cause appellee introduced in evidence the record of the proceedings in the Boyd case, by which it appears that Boyd brought suit against appellee for $759 as unpaid purchase money for said land on a sale to appellee's remote grantor and for the foreclosure of a vendor's lien upon the land in question to satisfy the same; that thereupon appellee, as defendant in said Boyd case, served notice upon appellants, its grantors, of the bringing of said suit, and said appellants made application to the court to be made parties to said suit, which application was granted, and Boyd filed an amended complaint making appellants parties defendant; that appellee and each of appellants then filed separate pleas in abatement of said suit, to which Boyd, plaintiff, filed separate demurrers, each of which was sustained. Appellee, over the objection entered of record of appellants, refused to plead further and permitted a decree to be entered against it in the amount asked and for a foreclosure of the vendor's lien upon its land. The decree was so entered, and at the same time a ruling was entered against the other defendants in said cause, the appellants in this cause, to answer the complaint. Appellee took an appeal to this court, and afterwards paid the decree in full, together with costs.

This is all of the evidence submitted to the court to support the validity of the lien, or to prove that appellants were liable to appellee for the amount so paid on said Boyd decree. It is contended on the part of appellee that since appellants were parties defendant to the Boyd case the decree was conclusive on them, and no evidence other than the proceedings and decree in the Boyd case was necessary to show appellants' liability to appellee.

On the other hand, it is contended by appellants that, while they were parties to the suit, the decree entered did

not pretend to adjudicate any of their interests, but was simply a decree against appellee upon its refusal to plead further, and therefore had no binding force upon appellants and adjudicated none of their rights and was not a final decree as to them.

It is true, as appellee states, that as a general rule, whenever a matter is finally determined by a competent tribunal it is considered at rest forever, and this principle 1. embraces not only what was actually determined, but every other matter which the parties might have litigated in the case. This principle was established in *Fischli* v. *Fischli* (1825), 1 Blackf. *360, 12 Am. Dec. 251, and has been adhered to without variation until the present time.

But it is also well settled that a final judgment is 2. one that at once disposes of all the issues as to all the parties involved in the controversy presented by the pleadings to the full extent of the power of the court to dispose of the same and puts an end to the particular case as to all of such parties and all of such issues. *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, and cases cited. And it is expressly held in *Keller* v. *Jordan* (1897), 147 Ind. 113, that where suit is brought against several defendants and judgment is rendered against a part of such defendants and the cause continued as to other defendants, that such judgment is not a final determination of the cause, the court saying: "The well-settled rule is that a judgment is not final unless it disposes of all the issues as to all of the parties. The rights of all the parties must be adjudicated."

The record of the Boyd case, introduced in evidence in this case, affirmatively shows that the Boyd decree was entered only against appellee; that none of the rights 3. of appellants were adjudicated, but that, as to them, the cause was continued and left open on a rule to answer. It is therefore apparent that said Boyd decree is not conclusive or binding upon appellants, notwithstanding they were defendants in said cause, for the reason that the

record affirmatively shows that, as to them, they were to be further heard. There is nothing in the record introduced that would indicate that appellants refused to plead further or in any way abandoned their defense. The evidence thus introduced then merely showed that the decree and fore- closure of a vendor's lien had been entered against appellee upon its refusal to make a defense, but did not show, as against these appellants, that such lien was a valid and subsisting lien at the time of the execution of the deed to appellee, or that it was such a breach of the covenants of said deed as would render appellants liable therefor. And it is an established rule that a grantee to whom land

4. has been conveyed with a covenant against encum- brances, who claims to have discharged an encum- brance after the execution of the conveyance, must show that it was a valid and subsisting encumbrance when the deed was executed. *Barker* v. *Hobbs* (1855), 6 Ind. 385; *Kirk- patrick* v. *Pearce* (1886), 107 Ind. 520; *Robinson* v. *Murphy* (1870), 33 Ind. 482. The evidence of a decree against the grantee alone, and to which the grantor was in no way a party, is not sufficient to establish such lien and the liability of the grantor thereunder. *Teague* v. *Whaley* (1898), 20 Ind. App. 26; *Rhode* v. *Green* (1866), 26 Ind. 83. For this reason the evidence was insufficient to support the de- cision of the court.

Judgment reversed, with instructions to grant a new trial.