No. 8594.

## FLORA v. CLINE.

DRAINAGE.— *Assessment.*— *Work and Labor.*— A paragraph of complaint, averring that the plaintiff had instituted proceedings for the establishment and construction of a drain, which was defective, that the defendant and others benefited had executed a written waiver of irregularities, that on the request of the defendant the plaintiff constructed the drain, and the defendant promised to pay his share, which benefited the defendant $600, and that the defendant stood by and saw the work done, is good on demurrer.

PRACTICE.— *Pleading.*— *General Denial.*— Where the general denial is.pleaded, a special paragraph, averring facts which merely controvert the complaint, is needless, and it is not available error to sustain a demurrer to it.

SAME.— *Record.*— *Supreme Court.*— A motion to strike out a pleading, and the pleading struck out, unless made part of the record by bills of exceptions or other proper proceedings, can not be noticed by the Supreme Court.

From the Carroll Circuit Court.

*J. Claybaugh* and *B. K. Higinbotham,* for appellant.

MORRIS, C.—The appellee sued the appellant for work and labor. The complaint contained three paragraphs. The first and third paragraphs are in the usual form for work and labor.

The second paragraph states that on the 8th day of March, 1878, the plaintiff made application to the board of commissioners of Carroll county, stating, among other things, that he was the owner of certain wet lands therein described, and was interested in the construction of a drain to reclaim said lands, and that such drain could not be completed without affecting the lands of other persons; that the plaintiff employed a competent engineer to make a schedule of such lands as would be affected by the proposed drain, together with an estimate of the cost of the same, which were duly verified and delivered to the auditor of said county; that the plaintiff specified in said application the character of said proposed drain, giving its general course, extent, height, width, the amount of fall per mile, the points of beginning and termina-

tion of said drain, and a description of the lands to be affected
thereby, and the names of the owners and occupants of the
same, so far as known; that said board appointed three dis-
interested freeholders of said county appraisers, to assess the
benefits and damages to such lands incident to the construc-
tion of said drain; that the auditor of the county made
out a transcript of the application and the proceedings of said
board thereon, which was duly delivered to said appraisers;
that the plaintiff in due form gave notice to all the owners
of said affected lands of the time and place of the meeting of
said appraisers to make such assessments; that on the 15th of
April, 1878, after the filing of said application and the mak-
ing of the order of said board, and the appointment of said
appraisers, and before the meeting of said appraisers, the ap-
pellant and other landowners along the line of said proposed
drain made and signed an instrument in writing, and deliv-
ered the same to the appellee, in which they voluntarily waived
all errors, informalities and omissions in the petition, notice
and order of the board made in relation to said drain, a copy
of which is filed with the complaint. It is alleged that the
appraisers met on the 29th day of April, 1878; that they, in
the presence and with the approval of the appellant, examined
all the lands affected by said drain, including the land owned
by the appellant, and assessed the amount of benefits and in-
juries to each tract, and made a division of the cost of the
construction of said drain among the owners of the land af-
fected thereby, and that they found and fixed the whole cost
at $2,425, and assessed the defendant's portion at $175, as the
benefits accruing to the land owned by him; that said assess-
ment was made in due form, verified by the appraisers and
recorded in the auditor's office on the 25th day of May, 1878,
and thus became a lien on the appellant's land. A copy of
the assessment is filed as a part of this paragraph. The ap-
pellee then alleges that he had constructed the drain accord-
ing to the specifications in said application for the same; that

it runs near the appellant's residence, and that, during the time the ditch was being constructed, he told the appellee that it would benefit him, and that he should go on and complete the same, and that he would pay his share of the cost of constructing said ditch; that the appellee, relying upon the waiver of all defects in said proceedings and upon the acts and sayings of the appellant, and his direction to the appellee to proceed with the construction of said ditch through his, the appellant's, land, proceeded to construct and complete said ditch, at a cost to him of $500; that the appellant's land was greatly benefited by the construction of said ditch; that the cost of constructing said ditch through the appellant's land exceeded the amount of said assessment, and amounted to $600; that appellant stood by from day to day, during the construction of said drain, knowing that it would greatly benefit his land, and that the appellee was proceeding with the work in good faith, relying upon his acts and promises to pay for it; that he had, ten days before the commencement of this suit, demanded pay of the appellant for said work, but that he had refused to pay, etc.

The appellant demurred to this paragraph of the complaint. The demurrer was overruled. He then answered the second paragraph of the complaint by a general denial.

The appellant answered the first and third paragraphs of the complaint by a general denial. He also specially answered to the first paragraph, admitting that the appellee had performed the work stated and described therein, but alleging that it had been done under and pursuant to certain proceedings had by the appellee before the board of commissioners of Carroll county, pretending to establish a certain ditch or drain through the land of the appellee and others, and not through or by the procurement or authority of the appellant, nor by his consent, nor upon his request or promise to pay for the same; that by said proceedings the appellee claimed to have obtained a lien on the appellant's land for $175.

The appellant also answered the first and third paragraphs.

Flora v. Cline.

of the complaint by what he calls a plea in abatement, admitting that the appellee had done the work mentioned in the complaint on the lands therein described, but alleging that it had been done pursuant to certain proceedings had before the board of Carroll county for the purpose of establishing a drain. A copy of the application for the establishment of the drain, together with a full transcript of the proceedings before the board in relation to said drain, were filed with and as part of this paragraph of the answer. It is alleged that the work was done by the authority to do the same conferred upon the appellee by these proceedings, and not otherwise; that the appellee pretended and claimed to have a lien on said land for $175, assessed against it in said proceedings.

The appellant also filed a fourth and fifth paragraph of answer to the first and third paragraphs of the complaint. A portion of the fourth paragraph of the answer was stricken out on motion of the appellee, but the motion is not in the record by bill of exceptions or otherwise, and will not for that reason be noticed. The appellee replied to the fourth and fifth paragraphs of the answer, and demurred to the second and third paragraphs. The demurrers were sustained.

The cause was submitted to a jury, who returned a verdict for the appellee. The appellant moved the court for a new trial. The motion was overruled. He also moved in arrest of judgment, which was overruled. The evidence is not in the record.

The errors assigned are as follows:

1. That the court erred in overruling appellant's demurrer to the second amended paragraph of the complaint.

2. The court erred in sustaining the appellee's demurrer to the second and third paragraphs of the appellant's answer.

3. In sustaining the appellee's motion to strike out a part of the fourth paragraph of the answer.

4. The court erred in overruling the appellant's motion for a new trial.

5. The court erred in overruling the appellant's motion in arrest of judgment.

We think the court did not err in overruling the demurrer to the second paragraph of the complaint. If, as is alleged in this paragraph, the appellant stood by from day to day, saw the plaintiff doing the work, encouraged him to proceed with it, promising to pay what the work should be worth, he would be liable, though the proceedings before the board of commissioners in relation to the drain were altogether void. *Nevins, etc., Draining Co.* v. *Alkire,* 36 Ind. 189; *Hellenkamp* v. *City of Lafayette,* 30 Ind. 192.

The reference in this paragraph to the proceedings before the board was not altogether irrelevant. The recitals, though not sufficient to constitute a cause of action, gave meaning and force to the conduct and promise of the appellant to pay for the work. The written statement, executed by the appellant and others interested in the proceedings before the board, that they "waived all error, informality or omission, either of notice, petition or order of the board of commissioners," shows that the appellant then knew that the proceedings were defective, and that he must have intended that the appellee should rely upon his promise rather than upon such proceedings for his pay. Upon the facts stated the appellant was liable for the work done. The cause of action was his alleged promise to pay the appellee for the work.

Nor did the court commit any available error in sustaining the demurrer to the second paragraph of the appellant's answer to the first paragraph of the complaint. If the answer was good, it was because it denied, argumentatively, that the work was done by the appellee, as alleged in the first paragraph of the complaint, upon the request and at the instance of the appellant. This paragraph of the answer alleges that the work was done under and pursuant to proceedings had before the board of commissioners to establish said drain, and not at the request of the appellant. If such was the fact, it could have been proved under the general denial which was

pleaded to each paragraph of the complaint. To make out his case under the first paragraph of the complaint, the appellee would have to prove facts which would show that the work had been done upon the implied or express request of the appellant. Under the general denial, the appellant would have the right to prove any fact which would tend to negative the matters of fact which the appellee was bound to prove in making out his case. *Port* v. *Russell*, 36 Ind. 60 (10 Am. R. 5). All the material matter alleged in the second paragraph of the answer was provable under the general denial. There was no error in sustaining the demurrer to this paragraph of the answer.

Nor was there any error in sustaining the demurrer to the third paragraph of the answer. The matter alleged is not in abatement, but in bar of the cause of action set forth in the first and third paragraphs of the complaint. Assuming that the facts set up in this paragraph of the answer show that the ditch made by the appellee was validly established by the proceedings had before the board of commissioners of Carroll county, and that the appellee made the ditch, not at the request of the appellant, but under the authority of and pursuant to such proceedings, proof of such facts would bar the causes of action sued on. It would show that the promise declared upon in these paragraphs was never made and never existed; and such proof would be in direct contravention of the principal fact which the appellee would have to establish in making out his case, and therefore admissible under the general denial; but the proceedings before the board, as set out in this paragraph, fail to show that the drain had been legally established, or that any lien was thereby created on the appellant's land. There were not sufficient facts alleged in the petition to give the board jurisdiction of the subject. The material part of the paragraph is that the work was done without the consent of the appellant. There was no error in sustaining the demurrer to this paragraph of the answer. Though the drain had been legally established by the action of the board of commissioners, yet, if the appellant promised

to pay for the work, as alleged in the first and third paragraphs of the complaint, he would be bound by his promise; if he did not so promise, he would not be liable on these paragraphs, whether the ditch had been legally established or not.

There is no question presented for decision as to the action of the court upon the motion to strike out a part of the fourth paragraph of the answer. It is impossible to say from the record what portion of the answer was stricken out: Besides, the motion is not made a part of the record by bill of exceptions. As the evidence is not in the record, we can not say that the court erred in overruling the motion for a new trial. It is said that the court erred in permitting the appellee to read in evidence a transcript of the proceedings of the board of commissioners in relation to said drain. But there is nothing in the record from which we can determine whether such transcript was read in evidence or not. We can only know what evidence was given to the jury by a bill of exceptions signed by the judge and made a part of the record.

The motion in arrest of judgment is not pressed with much confidence. We think there is no ground upon which it could be sustained.

We conclude that there is no available error in the record, and that the judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the cost of the appellant.