Baker *v.* Clem.

Filed April 25, 1885; petition for a rehearing overruled June 11, 1885.

---

No. 11,463.

## BAKER *v.* CLEM.

DRAINAGE.—*Act of March 9th, 1875.—Lien of Certificate.—Pleading.—Complaint.*—In a suit to set aside and annul the lien of a certificate issued to a contractor, in a drainage proceeding commenced under the act of March 9th, 1875, and by the county treasurer placed on the tax duplicate for collection, on the ground that neither the plaintiff, nor the land upon which the lien was claimed, was mentioned in the viewers' report of benefits, a complaint, reciting such facts and showing that more than seven years have elapsed since the establishment of the ditch, but failing to allege that at the time of such establishment and report,

Baker v. Clem.

the plaintiff was the owner of the land, and that the land was not intended to be assessed, is bad on demurrer.

SAME.—*Erroneous Description of Land.*—Under the act of 1875, above referred to, a misdescription in the viewers' report, or on the tax duplicates, of the land intended to be assessed, will not enable the owner to evade liability or defeat the lien thereon of the ditch certificate.

From the Allen Superior Court.

*S. R. Alden*, for appellant.

*T. E. Ellison*, for appellee.

HOWK, J.—The first error of which complaint is made in argument by the appellant, Baker, calls in question the sufficiency of the complaint of the appellee, Clem, the plaintiff below, for the first time in this court.

In his complaint the appellee alleged that he was the owner of certain real estate, particularly described, in Allen county; that the treasurer of Allen county had levied on such real estate and threatened to sell the same, on account of a ditch certificate which, he claimed, was a lien thereon on account of a ditch petitioned for by S. F. Baker and twelve others to the board of commissioners of Allen county, at its September term, 1875; that Baker and others did file a petition at such term of the county board for a ditch, and the board appointed viewers thereon and ordered them to report at its next session; that the board did not hear and determine such matter at its next session; that, at the March term, 1876, of such board, the viewers in such matter presented their report therein, which report the board ordered to be entered on its record, and such report was accordingly copied in the record of the board; that such viewers in their report did not specify or state either the courses or termini of such ditch; that in their report the viewers said that they had therein estimated the costs, and appraised the benefits of such ditch to the several land-owners and tracts of land benefited thereby, and apportioned the same to the several tracts of land in such report; that nowhere in their report did the viewers apportion any benefit to the appellee or to his land, or assess any benefit

against such land, or order any amount charged against the same, nor in any manner mention the appellee or his land; and the appellee averred that the board made no other order or determination of the matter, at such term, except as hereinbefore stated.

And the appellee averred that the only order or entry ever made by the board, establishing such ditch, was made at its June term, 1876, when, certain reviewers having reported as to damages asked for by one Timothy Baldwin, who did not object to such ditch for any reason except on account of the damage he would sustain from its construction, at the conclusion of the record of such report, the board made the following entry, to wit: "And the board, after careful examination of the matter, accept the report and establish the ditches, as located by the viewers and as specified by their report heretofore spread of record, and order the ditches to be opened;" that the report as to damages, prayed for by Baldwin, was, in substance, as follows: "We, the reviewers, appointed by the board at its March term, 1876, to review the proposed ditch prayed for by S. F. Baker, running through the fractional southeast quarter of section 35, in township 30 north, of range 15 east (Timothy Baldwin being the owner of the tract of land described), met at the office of Squire Neff and were sworn according to law, and proceeded to view the proposed ditch running through such land, and after having carefully examined the proposed ditch, running through such land, we report no damage to Timothy Baldwin, and we further say that the ditch has a good outlet," which report was sworn to before the auditor of Allen county, May 6th, 1876.

And the appellee further averred that, without any other authority than that given by the foregoing proceedings, the auditor of Allen county gave notice that he would make a contract to construct a portion of such ditch, on account of appellee's land, and the auditor did enter into a contract with one Warren Neff to do a portion of the work in constructing

the ditch, and stated in the contract that Neff should hold a lien on such land ; that although .Neff took a contract to do the work, he never completed it, and the auditor, without examining the work, executed to Neff a certificate that he had completed the work, that there was due thereon and on account thereof the sum of $156.96, and that the same was a lien on appellee's land ; that Neff assigned or transferred such certificate to the appellant, Baker, and Neff or Baker had procured the treasurer of Allen county to place the amount of such certificate on the tax duplicate ; that the treasurer had demanded of the appellee that he pay the same, which, with costs and charges, amounted to the sum of $207.04; that the same was a cloud upon appellee's title, and prevented him from selling his land to as good an advantage as he otherwise might; that the current tax on his land amounted to $3.76, which sum appellee had tendered to the county treasurer, and he refused to accept it ; and that the county treasurer had advertised that he would sell the appellee's land, as other lands were sold for delinquent taxes, to satisfy the amount due on such ditch certificate.    Wherefore, etc.

The appellee's complaint was filed below on the 19th day of October, 1883, more than seven years after the county board had made an order establishing the ditch mentioned therein.    It is not shown in the complaint when the appellee became the owner of the real estate upon which the treasurer of Allen county had levied, as alleged, by virtue of the ditch certificate.    It might well be assumed, therefore, as against the appellee, that he became the owner of such real estate immediately before this suit was commenced, and long after the ditch was established and constructed, and it might be for this cause that nowhere in their report did the viewers apportion any benefit to the appellee or even mention his name. It is manifest that the ditch proceedings mentioned in the complaint were had, or attempted to be had, under and in conformity with the provisions of the act of March 9th, 1875, "to enable the owners of wet lands to drain and reclaim them

when the same can not be done without affecting the lands of others," etc. 1 R. S. 1876, p. 428. In this act, after the ditch had been established by the board of commissioners of the county, it was provided in section 11 that the viewers or reviewers should proceed to make a just and fair estimate of the average cash value of the construction per lineal rod, cubic yard or foot of earth, and every section or allotment of such ditch, and apportion the costs of the location thereof, including, etc., and award to each person or persons owning lands liable to be affected by the proposed work, as should be deemed by them to be just and right according to the benefits derived by constructing the same, their proportionate share of such costs, and should specify the time and manner in which such labor should be performed, and should cause a stake or monument to be placed at the boundaries of each of the several portions, which should be numbered progressively down stream, at each one hundred feet.

In section 12 of such act, it was further provided that, if any of the persons interested in the opening or construction of the proposed ditch or work should fail to procure the excavation or construction thereof, or that portion set off and apportioned to them, respectively, by the viewers or reviewers, in the manner and time specified, it should be the duty of the auditor of the county to let such work at public sale to the lowest and best responsible bidder, and take a bond payable to the person or persons, for whom such work was let, with good and sufficient sureties for the faithful performance of the same within a specified time; and on completion of the work thus let, and acceptance by the board of commissioners, if in session, or by the auditor in vacation, the auditor should issue a certificate to the persons doing such work, for the sum due them, and should enter the amount of such certificate upon the tax duplicate against the tract or lot benefited by the opening or construction of that portion of such work, together with the legal interest, and the amount

so entered should be collected by the treasurer of such county as other taxes, and paid by him to the person holding such certificate. 1 R. S. 1876, p. 431.

Under these statutory provisions, we are of opinion that the appellee's complaint does not state facts sufficient to constitute a cause of action, or to entitle him to any relief, legal or equitable. Even if the appellee or his land were nowhere mentioned in the viewers' report, still it must be assumed, in the absence of averment to the contrary, that the ditch was established and constructed over and through his land; that the viewers awarded to the then owner of such land (perhaps, by an erroneous description,) his proportionate share of the costs of such ditch, and specified the time and manner in which such labor should be performed; and that they caused stakes or monuments to be placed at the boundaries of such ditch, at each one hundred feet, on and over such land. It is admitted in the complaint that, in substantial compliance with the provisions of section 12 of the aforesaid act of March 9th, 1875, the county auditor let the contract for the construction of the ditch over and through the appellee's land to Warren Neff, and that such auditor afterwards executed to Neff a certificate of his completion of the work for the amount due him, and placed such amount on the tax duplicate for collection as other taxes. It is stated in the complaint that Neff never completed the work, but it is nowhere stated that he had not performed work, in the construction of the ditch, to the full amount of the auditor's certificate. The appellee's land is clearly liable for its proportionate share of the construction of the ditch, on and through such land, and the misdescription of the land in the viewers' report, or on the tax duplicate, will not enable the owner 'to evade such liability, or defeat the lien thereon of the ditch certificate. This has been repeatedly declared by this court, in relation to the lien of other taxes on misdescribed lands. *Cooper* v. *Jackson,* 71 Ind. 244; *Reed* v. *Earhart,* 88 Ind. 159; *Cooper* v. *Jackson,* 99 Ind. 566. We

know of no reason why this doctrine should not be applied to the case in hand.

The judgment is reversed with costs, and the cause is remanded for further proceedings in accordance with this opinion.

ZOLLARS, C. J., took no part in the decision of this cause.

Filed April 11, 1885; petition for a rehearing overruled June 11, 1885.