Filed May 25, 1886.

---

No. 12,646.

BROSEMER ET AL. *v.* KELSEY.

DRAINAGE.—*Act of 1875.—Certificates Issued Under, Collected as Other Taxes.* —*Sale of Land by Treasurer.—Enforcement of Lien.*—Certificates issued by the county auditor upon the completion of allotments of ditch work sold as provided in section 12 of the drainage act of March 9th, 1875 (1 R. S. 1876, p. 428), may be collected by the county treasurer, as other taxes, by a sale of personal property, or, where there is none, by a sale of the land, and the purchaser, in case the tax deed is ineffectual to convey title, may enforce a lien against the land, if the ditch proceeding is valid.

SAME.—*Notice.—Burden of Proof.*—One who asserts title through a ditch allotment under the drainage act of 1875, or who seeks to have a lien declared for the amount of the allotment where the tax deed is ineffectual, must allege and prove that the law was substantially complied with in relation to notice to the parties affected by the ditch proceeding.

SAME.—*Assessment Without Notice Void.*—An assessment against the land of one who is not named in the ditch proceeding, and who has no notice thereof, is void, and constitutes no lien.

From the Pulaski Circuit Court.

*N. L. Agnew* and *B. Borders,* for appellants.
*W. Spangler* and *H. A. Steis,* for appellee.

ZOLLARS, J.—On the 15th day of May, 1883, appellee received from the county auditor a tax deed for appellants' land, based upon a sale made in February, 1881.    In 1877 and 1878, two ditches, known as the Kelsey and Hissong ditches, were established by the board of county commissioners, under the act of March 9th, 1875, 1 R. S. 1876, p. 428. In each of the proceedings, allotments of work were apportioned to appellants' land, and they not having performed the work, it was sold by the auditor as in section 12 of the act provided.    It was sold to W. Kelsey.    He did the work which amounted to $165.31 in the Hissong ditch, and $135.60 in the Kelsey ditch.    The work allotted in the Kelsey ditch was sold in November, 1878, and that allotted in the Hissong ditch in January, 1879.

In August and September, 1879, the county auditor issued certificates to Kelsey and entered the amounts upon the tax duplicate against appellants' land.    These sums, amounting to $300.91, without interest, were a part of the $342.15 for which the land was sold at the tax sale, the balance being State and county taxes, and costs.

In the trial of the case below, the court found that the tax deed was ineffectual to convey title, and adjudged and decreed a lien upon the land in appellee's favor for $496.37, thus decreeing a lien for the amount of the ditch allotments, with interest, as well as for the amount of the State and county taxes, with interest at the rate fixed by the statute in such cases.

Section 12 of the act, under which the ditches were constructed, provided, that upon the completion and acceptance of the allotments of the work sold, the auditor should issue a certificate to the person doing the work for the sum due him, and enter the amount of such certificate upon the tax duplicate of the county, against the tract of land benefited by the

construction of the ditch, together with the legal interest, and that the amount so entered should be collected by the treasurer of the county as other taxes, and paid by him to the person holding the certificate.

. It is plain, that this section authorized the treasurer to collect the amount by the distraint and sale of personal property, and by the sale of the land, in case the owner had no personal property, just as in the collection of State and county taxes. Appellants' counsel tacitly concede that this is so, but insist that if the land should be sold, and the deed for any reason should prove to be invalid, and ineffectual to convey title, the court can not declare a lien upon the land for the amount in favor of the grantee in the deed, in an action like this, brought by such grantee to quiet his title.

The argument is, that the amounts for which the allotments were worked, and thus placed upon the tax duplicate, do not become liens in favor of the State, and hence are not liens that are transferred to the purchaser in case his deed is ineffectual to convey title, as provided by R. S. 1881, section 6488, and Acts 1883, p. 95, section 2 and 3. That the amounts so placed upon the tax duplicate were a lien upon the land, is settled by the case of *Baker* v. *Clem,* 102 Ind. 109. True, the amounts, when collected, were to be paid to the person holding the certificate, but he had no lien which he could enforce, except through the instrumentality of the State. *Storms* v. *Stevens,* 104 Ind. 46. The amounts were, however, a lien upon the land, and that lien was to be enforced and the amount collected by the county treasurer as State and county taxes are collected. The lien, therefore, for the purposes of collection, may be said to be a lien in favor of the State. The statute, in express words, declared that the amounts so placed upon the tax duplicate should be collected as other taxes are collected. This, we think, included that provision of the tax law for the collection of taxes, which provides that the amount paid shall be declared a lien upon the land in favor of the purchaser, in case the

deed shall prove ineffectual to convey title.  In this we are supported by the analogous cases of *Bothwell* v. *Millikan*, 104 Ind. 162; *Millikan* v. *Ham*, 104 Ind. 498; *Justice* v. *City of Logansport*, 101 Ind. 326.  Of course, if the ditch proceedings were void, the amounts placed upon the tax duplicate did not become a lien in favor of any one.  In an ordinary case to enforce a lien for the State and county taxes where the tax deed is ineffectual to convey title, the statute throws upon the land-owner the burden of showing that the assessed taxes do not constitute a lien.   *Scott* v. *Millikan*, 104 Ind. 75.  These liens for ditch assessments or allotments, however, stand upon a different basis in that regard.  When a party asserts title under and through an allotment, under the act of 1875, or seeks to have a lien declared for the amount of the allotment when the tax deed is ineffectual to convey title, the burden is upon him to allege and prove that the law was substantially complied with, in relation to notice to parties to be affected.  *Pickering* v. *State, etc., ante*, p. 228; *Shaw* v. *State, etc.*, 97 Ind. 23; *Wishmier* v. *State, etc.*, 97 Ind. 160; *Vizzard* v. *Taylor*, 97 Ind. 90.  Of course, where presumptions supply the place of proof, no other proof is necessary.  All of the proceedings in the ditch case might be regular, and yet the sale of the land be invalid, as, for example, the failure to first levy upon personal property.

The land in controversy was owned by Frank, Emma, Edward and Clara Brosemer, as tenants in common.  The name of Clara Brosemer does not appear in the proceedings which led to the establishment of the Hissong ditch, the selling of the allotments, the placing of the amount upon the tax duplicate, nor in any other part of the proceedings.  Whatever may be said as to the other portions of the proceedings, it was necessary that the names of the land-owners should appear in the notice by the auditor, of the filing of the report of the viewers.  1 R. S. 1876, p. 428, section 2.

The commissioners' record in the matter of the Hissong ditch contains the following: " Comes now  *  *  *  F. B.

Thomas, publisher of the Winamac Democrat, and files his affidavit and printed notice in these words (insert), that due and printed notice was given the owners of real estate herein affected by the construction of such ditch, * * by posting the printed notices in three of the most public places in the neighborhood of said proposed ditch ; and also comes Jeremiah H. Falvey, auditor, and files affidavit that he sent a printed notice to each non-resident that could be ascertained."

Whatever might be said of the case, did it affirmatively appear that the board of commissioners found that notice had been given to Clara Brosemer? It is clear that the above does not amount to such a finding. If it amounts to anything more than a statement as to what was contained in the affidavit, the statement, " the owners of real estate herein affected," limits the finding to those named in the proceedings. Clara Brosemer, as we have seen, was not named in any of the proceedings. As to her, therefore, there is not only no finding that notice had been given to her, but rather an affirmative statement that she had no notice, because the notice was to those named in the proceedings.

The copy of the printed notice which we find in the record contains the names of the other land-owners, but not the name of Clara Brosemer. Her rights could not be affected by the proceeding to which she was in no way a party, and of which she had no notice. *Young* v. *Wells,* 97 Ind. 410 ; *Vizzard* v. *Taylor, supra; Jones* v. *Cardwell,* 98 Ind. 331. If as to her there had been some notice, although defective, we should have a different case. *Jackson* v. *State, etc.,* 104 Ind. 516 ; *McMullen* v. *State, ex rel.,* 105 Ind. 334.

It follows from the above conclusions, that under the evidence before us, Clara Brosemer was not bound by the proceeding in the matter of the Hissong ditch ; and that her interest in the land can not be subjected to a lien for the whole, nor for any part, of the amount charged against it on account of the allotments in that ditch proceeding. Her motion for a new trial, therefore, should have been sustained,

And as the invalidity of the lien as to her interest in the land necessarily affects the interests of the other appellants as tennants in common with her, the judgment must be reversed as to all of them. No tenable objections have been urged against the proceedings and judgment below so far as they rest upon the State and county taxes.

It is urged in argument, that no valid claim against the land could grow out of the working of the allotments by William Kelsey, for the reason that at the time the allotments were sold to him, he was the holder of a tax certificate for the land, having bought it at a previous tax sale. The record, we think, does not show the facts to be as contended. If, however, he held such a certificate, which was valid and has ripened into a title, appellants are not in a position to complain of the judgment, because they have no interest in the land to be affected by it. If the previous tax sale and certificate were invalid, the land belonged to appellants, and there is no reason that we can see why the allotments might not have been sold to, and worked by, Wm. Kelsey.

A third ditch affecting the land was constructed under the circuit court act. An alleged assessment in that proceeding is set up in the second paragraph of appellee's complaint; but as it is manifest that the court below found for appellants upon that paragraph, and as no cross errors are assigned by appellee, we express no opinion as to the validity of that proceeding, nor as to the right of appellee to recover any amount of the alleged assessment in the manner here attempted.

Judgment reversed, at appellee's costs, and cause remanded, with instructions to the court below to sustain appellants' motion for a new trial.

Filed May 25, 1886.