Peters *et al. v.* Griffee *et al.*

No. 12,778.

PETERS ET AL. *v.* GRIFFEE ET AL.

DRAINAGE.— *Notice.— Acquiescence in Validity of Proceedings.— Estoppel.—*
Where, in giving notice in a drainage proceeding, there is an attempt to
comply with the statute, and some notice is given, though insufficient,
parties who have actual knowledge of the petition and the proceedings
under it, and that money has been expended on the faith that the
proceedings are valid, and make no objection, will be presumed to have
acquiesced in their validity, and can not afterwards move to dismiss for
want of notice. *Vizzard* v. *Taylor,* 97 Ind. 90, distinguished.

From the Madison Circuit Court.

*C. L. Henry, H. C. Ryan* and *G. M. Ballard,* for appellants.

*E. P. Schlater, M. S. Robinson* and *J. W. Lovett,* for appellees.

ELLIOTT, J.—The petition of the appellants for a ditch
was filed on the 18th day of March, 1884, and, on the 7th
day of the following April, was docketed and referred to the
drainage commissioners. On the second day of June of that
year, the report of the commissioners was filed, and on the
first day of September following, the appellees moved to dis-
miss the proceedings. To this motion the appellants filed an
answer alleging, in substance, that, on the 11th day of March,
1884, the petitioners posted notices in three of the most pub-
lic places in the county; that, on the 18th day of that month,
they filed their petition, and noted thereon the 1st day of
April as the time for hearing it; that, on that day, the peti-
tioners appeared, and, as the answer alleges, " made it appear
to the court that notice had been given;" that, no objection
being entered, an order was made fixing the time and place for
the meeting of the commissioners; that the commissioners
made a report which was approved; that the contract for
constructing the ditch was let to Charles McKee and others;
that work was done thereunder to the value of $2,000, and
a great amount of the assessments had been collected prior

to the filing of appellees' motion. It is further alleged that the appellees had actual notice of the filing of the petition and of the view and inspection of the lands; that they made no objection until after the work had been done and a great part of the assessments collected.

It is quite clear that if the attack made upon the proceedings were a collateral one, the notice would be sufficient to sustain the proceedings. *McMullen* v. *State, ex rel.*, 105 Ind. 334; *Young* v. *Sellers*, 106 Ind. 101; *Pickering* v. *State, etc.*, 106 Ind. 228; *Brosemer* v. *Kelsey*, 106 Ind. 504. But we can not regard the present attack as a collateral one, for we think an attack by motion filed in the same cause must be deemed a direct one. While we regard the attack as a direct one, still, we are of opinion that the court erred in dismissing the proceedings. There was here notice, although a defective one, of the proceedings, and there was actual knowledge of the filing of the petition and of the proceedings under it, and also knowledge that money was expended on the faith that the proceedings were valid. We think that under these facts it must be held that appellees are not in a condition to defeat the proceedings on the ground that the notice was insufficient. If there had been no attempt at all to comply with the statute as to notice, the case might possibly be different, but here there was an attempt to comply with the statute, and some notice was given. The authorities sustain the doctrine that under such a state of fact as that exhibited in the answer, acquiescence in the validity of the proceedings will be presumed. *Kellogg* v. *Ely*, 15 Ohio St. 64; *City of Burlington* v. *Gilbert*, 31 Iowa, 356 (7 Am. R. 143); *Erie R. W. Co.* v. *Delaware, etc., R. R. Co.*, 21 N. J. Eq. 283; *Thomas* v. *Woodman*, 23 Kan. 217 (33 Am. R. 156); *Easton* v. *New York, etc., R. R. Co.*, 24 N. J. Eq. 49; *Traphagen* v. *Mayor, etc.*, 29 N. J. Eq. 206; *City of Logansport* v. *Uhl*, 99 Ind. 531, 540 (50 Am. R. 109); *Muncey* v. *Joest*, 74 Ind. 409, see pp. 413, 414; *Flora* v. *Cline*, 89 Ind. 208.

This case is plainly distinguishable from *Vizzard* v. *Taylor*, 97 Ind. 90, for there the land-owner could not have had no-tice, for he was not a party to the proceeding.

Judgment reversed.

Filed Oct. 30, 1886.