Filed May 23, 1893.

---

No. 15,408.

## SCUDDER v. JONES.

PLEADING.—*Attack on Final Order or Judgment, How Made.—Notice.— Waiver.*—Where a final order or judgment is assailed because jurisdiction of the person was not acquired, it is proper to attack such proceedings by complaint; and the complaint in such action, where the defect as to jurisdiction is want of notice, need not show that there was not a waiver of notice.

SAME.—*Sufficiency of Complaint on Appeal.*—Where a complaint is not objected to in the trial court, it will be sufficient on appeal, if it states a *prima facie* cause of action sufficient to bar another action.

ESTOPPEL.—*Ditch Assessment.—Knowledge of Land-Owner.—Want of Notice.—Action to Set Aside Assessment.—When Estopped.*—Where a land-owner has full knowledge that officers and parties are in good faith acting upon the assumption that proceedings in which a special ditch assessment was made are valid, he is estopped to deny the effectiveness of such proceedings on the ground that he had no notice, if he lies silently by without objection until the improvement is completed or considerable sums of money are expended upon it.

But such estoppel can not be created by bare intendments; the facts constituting such estoppel must appear with precision, clearness, and fullness.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener* and *I. Carter,* for appellant.

*K. M. Hord* and *E. K. Adams,* for appellee.

ELLIOTT, J.—The appellant sought to have an assessment levied against his land for the cost of constructing a public ditch set aside. The ground upon which he asks relief is, that he did not receive notice of the proceedings, and that there was an entire failure to give notice. It appears that on the 14th day of May, 1887, a petition praying for the construction of the ditch was filed by the appellee in the Shelby Circuit Court; that such proceedings were had as resulted in the usual interlocutory and final orders. After the final order giving effect to the prior reports and orders was entered, the complaint of the appellant was filed.

A special finding was made, and a conclusion of law was thereon stated, to which the appellant properly excepted, so that, so far as he is concerned, the question presented for our decision arises upon that exception.

The argument of the appellee's counsel makes it proper to consider points made by them before directing attention to the special finding. The contention of counsel is that the pleading of the appellant is a mere motion to dismiss, and not a part of the record, because not incorporated in a bill of exceptions. Counsel are right in asserting that a motion to dismiss must be made a part of the record by a bill of exception or by a special order. *Sample* v. *Carroll,* 132 Ind. 496; *Ohio, etc., R. W. Co.* v. *McDaneld,* 5 Ind. App. 108, 31 N. E. Rep. 836. See, also, authorities cited Elliott's App. Proced., sections

190, 191, 814. But appellee is wrong in assuming that the pleading is a motion to dismiss; on the contrary, it professes to be a complaint, its substance makes good its profession, and it was so treated by the parties and the trial court.

If it were granted that the appellant chose the wrong remedy, we could not, in such a case as this record presents to us, reverse the judgment if no other errors were committed. The general rule unquestionably is, that an objection that a party has mistaken his remedy, must be appropriately made in the trial court. See authorities cited Elliott's App. Proced., sections 658, 679. We can not, however, agree that there was a mistake in electing to proceed by complaint instead of by motion, for our judgment is that the remedy pursued is appropriate. Where a final order or judgment is assailed because jurisdiction of the person was not acquired, it is proper to attack the proceedings by a complaint. It is, indeed, proper in many cases, where there is an entire and complete absence of notice, to make the question on appeal as an original one.

As we have said, the complaint was not questioned in the trial court, and we may add that there is here no assignment of cross-errors, so that we can not consider any objections to the complaint that do not go to the substance in the strictest and most rigid sense, if, indeed, we can properly consider any objections at all. In view of the theory assumed in the trial court, and the presence of the special finding in the record, it is quite doubtful whether we can properly consider any objections, no matter what their character, to the pleading, and certainly we can not give effect to those here urged by the appellee. It is, at all events, quite clear that we can not hold the complaint bad because it does not show that there was not a waiver of notice. We have no doubt upon the

proposition that notice may be waived, and is ordinarily waived by an appearance without due objection. *Sunier* v. *Miller, Auditor*, 105 Ind. 393. See, also, authorities cited Elliott on Roads and Streets, 243. But we can not hold that the appellee can here avail himself of the rule stated, for the complaint certainly states facts sufficient to make such a *prima facie* case as will bar another action, and that is enough to protect it against an original attack in this court. See authorities cited Elliott's App. Proced., sections 471, 473. Our general conclusion upon the branch of the case which affects the matter of pleading, is that the objection that the complaint is not sufficient to present any questions upon the special findings, is untenable.

The facts exhibited in the special finding are, in substance, these: Scudder was the owner of the land assessed at the time the petition for the ditch was filed, and the ditch runs through the land. "He was not personally in court," nor present by counsel during the proceedings. He was not "served personally with notice of the original petition, and no notices of the same were posted in the township where the proposed ditch would cross his land, but he lived only a short distance from the land on which the ditch was to be constructed, and had personal knowledge of its location very soon after it was located." He had, likewise, "personal knowledge of the filing of the report, and of the amount of the assessment reported against him, before the expiration of ten days from the filing of the report." He had, also, "knowledge of the work being done upon the ditch and of money being expended in the construction thereof, and, knowing these facts, took no legal steps to prevent such work while the same was being done," nor did he take such steps until he was notified to pay his assessment. The proceedings on the appellee's petition, except as to notice to the ap-

Scudder v. Jones.

pellant, were regular. The conclusion of law stated is that "Scudder is not entitled to any relief under his complaint."

An assessment levied against land in a special statutory proceeding is ineffective unless there is notice. If there is an entire absence of notice, knowledge conveyed by words or by circumstances is not sufficient to make such a proceeding effective, for such knowledge is not equivalent to the notice required to confer jurisdiction of the person. Should John Doe inform Richard Roe that legal proceedings are pending against him, and thus impart knowledge, there would, notwithstanding the knowledge so imparted, be no jurisdiction of the person, since such knowledge would not bring the party to whom it was given into court, although it exerts an important influence in cases where the question of estoppel arises. A party must have "his day in court" or there is not "due process of law," and this he can not have where there is an utter lack of notice. *Stuart* v. *Palmer*, 74 N. Y. 183; *Lake Shore, etc., R. W. Co.* v. *Cincinnati, etc., R. W. Co.*, 116 Ind. 578; *Kuntz* v. *Sumption, Treas.*, 117 Ind. 1; *McCollum* v. *Uhl*, 128 Ind. 304; *Brosemer* v. *Kelsey*, 106 Ind. 504; *Davis, Treas.*, v. *Lake Shore, etc., R. W. Co.*, 114 Ind. 364. See, also, authorities cited Elliott on Roads and Streets, pp. 150, 151, 152, 242, 415.·

As the special finding shows an entire absence of notice, the proceedings must be regarded as ineffective, for the reason that jurisdiction of the person of the appellant was not acquired.

If the conclusion of the trial court can be rescued from the assault of the appellant, it must be upon the ground that the facts stated constitute an estoppel, precluding the land-owner from impeaching the assessment. It is well settled—and settled upon sound principle—that a land-owner may, by his conduct, estop himself from

questioning the validity of a special assessment. Where there is general jurisdiction of the subject, a party may, by conduct, preclude himself from successfully asserting that there was not jurisdiction of the person. Here there was jurisdiction of the general subject, for there was plenary authority over the general class of cases to which the particular case belongs. *McCoy* v. *Abel*, 131 Ind. 417, and authorities cited; *Tucker, Treas.*, v. *Sellers*, 130 Ind. 514, and authorities cited; *Turner* v. *Conkey*, 132 Ind. 248.

A land-owner who has full knowledge that officers and parties are in good faith acting upon the assumption that proceedings in which a special assessment was made are valid, is estopped to deny the effectiveness of such proceedings on the ground that he had no notice, if he lies silently by without objection until the improvement is completed or considerable sums of money are expended upon it. *Montgomery* v. *Wasem*, 116 Ind. 343, and cases cited; *Peters* v. *Griffee*, 108 Ind. 121; *Flora* v. *Cline*, 89 Ind. 208; *Prezinger* v. *Harness*, 114 Ind. 491; *Taber* v. *Ferguson*, 109 Ind. 227. See, also, authorities cited Elliott on Roads and Streets, p. 419.

It is manifest that in a case like this, where a property-owner is sought to be cut off from asserting that he was denied a right to notice, the facts must clearly and unquivocally create an estoppel, for the lack of notice is very far from being a mere irregularity.

It is an old and familiar doctrine, deeply rooted in the law, that, as the effect of an estoppel is to shut out the truth, the facts constituting it must fully and clearly appear. It was said of old, by a great lawyer, that "estoppels are odious," and while this can not now be said with strict truth, it is, nevertheless, still true that the facts constituting an estoppel must appear with precision, clearness and fullness. *Robbins* v. *Magee*, 76 Ind. 381; *Lash* v. *Ren-*

Scudder *v.* Jones.

*dell,* 72 Ind. 475. Estoppels can not be created by bare intendments. *Troyer* v. *Dyar, Commissioner, etc.,* 102 Ind. 396; *Sims* v. *City of Frankfort,* 79 Ind. 446. The courts can not, without a departure from principle, work out an estoppel in any case by intendments, and certainly not, where, as here, a party is sought to be cut off from availing himself of the right to notice secured to him by the organic law. In this instance, we can not, without supplying by intendment essential facts, hold that the special finding states facts constituting an estoppel. To give the finding the effect ascribed to it by the trial court, we should be compelled to insert by intendment the amount expended and the value of the work done, for there is nothing in the finding showing the value of the work or the amount of money expended in the construction of the ditch. For anything that appears, very little work was done and a very trifling sum of money expended prior to the time the appellant challenged the validity of the assessment by his complaint. The absence of statements as to value of the work done and the amount of money expended makes it legally impossible to conclude that there is such an estoppel as precludes the appellant from making available the failure to give notice.

In our opinion, justice requires that a new trial should be awarded, and for this reason we decline to direct judgment upon the special finding.

Judgment reversed, with instructions to award a new trial.

Filed Nov. 4, 1892; petition for a rehearing overruled June 8, 1893.